

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Cynthia Millonzi, a/k/a
Marica H.,[1]
Complainant,

v.

Eric K. Fanning,
Secretary,
Department of the Army
(National Guard Bureau),
Agency.

Appeal No. 0120152276

Agency No. M-2015-001-TX-A-GO

## DECISION

Complainant filed a timely appeal with this Commission from the Agency's decision dated May 20, 2015, dismissing her complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as a Logistics Management Officer at the Agency's Texas Army National Guard, at Camp Mabry in Austin, Texas.

On October 18, 2014, Complainant filed a formal complaint with the Texas National Guard alleging that the Agency subjected her to discrimination on the bases of sex (female) and reprisal for prior protected EEO activity under Title VII of the Civil Rights Act of 1964 when, on September 24, 2014, she was removed from her position.

On January 26, 2015, Complainant forwarded the formal complaint to the Agency because she believed that the State National Guard would not properly process her EEO Complaint. The Agency determined that the matter should be remanded back to the State National Guard in

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

February 2015. Complainant requested that the Agency reconsider its decision on March 4, 2015.

On May 20, 2015, the Agency denied her request. The Agency held that the complaint involved both her military and civilian capacities. The Agency found that the combination of actions resulted in Complainant's loss of her Dual Status Technician position. We note that the Agency failed to provide Complainant with any appeal rights to the Commission in either its letter from February 2015 or its letter dated May 20, 2015.

Complainant filed the instant appeal asserting that the Agency's EEO should conduct an investigation into her claim of discrimination in violation of Title VII. Complainant argued that the events alleged occurred in her status as a "civilian technician" and that she was treated less favorably than male employees also performing in their "civilian" capacities. As such, Complainant claimed that the EEO complaint process has jurisdiction over her complaint, not the State National Guard.

The Commission docketed Complainant's appeal. By letter dated July 21, 2015, the Office of Federal Operations informed the Agency of the instant appeal and requested that the Agency provide its brief and complaint file to the Commission. To date, the Agency has failed to do so.

## ANALYSIS AND FINDINGS

We note that the Agency failed to directly dismiss the complaint pursuant to the regulations found at 29 C.F.R. §1614.107(a). However, based on a fair reading of the Agency's letters, in essence, the Agency found that Complainant failed to state an actionable claim within the purview of the EEOC. As such, we shall address the Agency's dismissal of the complaint at hand for failure to state a claim pursuant to 29 C.F.R. § 1614.107(a)(1).[2]

The Agency then dismissed the complaint pursuant to 29 C.F.R. §1614.107(a)(1). The regulation set forth at 29 C.F.R. § 1614.107(a)(1) provides, in relevant part, that an agency shall dismiss a complaint that fails to state a claim. An agency shall accept a complaint from any aggrieved employee or applicant for employment who believes that he or she has been discriminated against by that agency because of race, color, religion, sex, national origin, age or disabling condition. 29 C.F.R. §§ 1614.103, .106(a). The Commission's federal sector case precedent has long defined an ""aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. Diaz v. Dep't of the Air Force, EEOC Request No. 05931049 (Apr. 21, 1994).

---

[2] We caution the Agency that it issued a decision denying Complainant's request to file a complaint through the EEO complaint process without providing Complainant with the appropriate appeal rights.

The Agency asserted that Complainant's prior position was designated as a military technician position. As stated above, the Agency's decision merely stated that the matter was not within EEOC jurisdiction.

Section 717 of Title VII explicitly covers personnel actions affecting employees or applicants for employment in civilian positions within military departments. 42 U.S.C. § 2000e-16(a-b).5 EEOC Regulations thus provide that while the federal sector EEO process does not apply to uniformed members of military departments, the process does apply to civilian employees in military departments. See 29 C.F.R. §§ 1614.103(b)(1), (d)(1).

The Commission has long recognized the unique "dual-status" of technicians in the National Guard, noting that those individuals are considered both uniformed military personnel as well as federal civilian employees. The Commission first addressed jurisdiction over dual-status technician in 1984, where we agreed with the general rule that uniformed military personnel, of any branch of the armed forces, are not covered under Section 717 of Title VII. Commission Decision No. 84-4, 1984 WL 23401 (May 16, 1984). However, we noted that a dual-status technician is considered both a uniformed military member as well as a federal civilian employee. As a result, we found that dual-status technicians are covered by Section 717 of Title VII when the alleged discriminatory action arises from the individual's capacity as a federal civilian employee. We found that it was necessary for us to review the facts in each case to determine whether the alleged discrimination took place in the context of the individual's capacity as a federal civilian employee or in the capacity of a uniformed member of the military.

In considering our jurisdiction over complaints from dual-status technicians, we examine whether the alleged discriminatory event arose while the technicians were in their federal civilian capacity or when they were in their military capacity, such as during the monthly drill or when called to active duty. If there is a dispute as to whether the alleged discrimination arose during the dual-status technician's military or civilian capacity, this is a factual determination that must be made on a case-by-case basis by the Commission. See Petitioner v. Dep't. of the Air Force (Nat'l. Guard Bureau), EEOC Petition No. 0420140014 (July 2, 2015).

However, upon review of the record, the Agency failed to provide any evidence beyond stating in its decision that the Commission lacked jurisdiction. Thus, the Agency has failed to substantiate the bases for its final decision. See Contreras v. Dep't of the Army (Nat'l Guard Bureau), EEOC Appeal No. 0120131476 (June 21, 2013); see also Marshall v. Dep't of the Navy, EEOC Request No. 05910685 (Sept. 6, 1991). Accordingly, we find that the Agency's dismissal was not appropriate.

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we REVERSE the Agency's final decision and REMAND the matter for further processing in accordance with the ORDER below

4                                                                                    0120152276

## ORDER (E1016)

The Agency is ordered to process the remanded claims in accordance with 29 C.F.R. § 1614.108. The Agency shall acknowledge to the Complainant that it has received the remanded claims **within thirty (30) calendar days** of the date this decision was issued. The Agency shall issue to Complainant a copy of the investigative file and also shall notify Complainant of the appropriate rights **within one hundred fifty (150) calendar days** of the date this decision was issued, unless the matter is otherwise resolved prior to that time. If the Complainant requests a final decision without a hearing, the Agency shall issue a final decision **within sixty (60) days** of receipt of Complainant's request.

A copy of the Agency's letter of acknowledgment to Complainant and a copy of the notice that transmits the investigative file and notice of rights must be sent to the Compliance Officer as referenced below.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0610)

Compliance with the Commission's corrective action is mandatory. The Agency shall submit its compliance report **within thirty (30) calendar days** of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. The Agency's report must contain supporting documentation, and the Agency must send a copy of all submissions to the Complainant. If the Agency does not comply with the Commission's order, the Complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The Complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the Complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File a Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). **If the Complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated.** See 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0416)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

5                                                                    0120152276

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. The requests may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0610)

This is a decision requiring the Agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the Agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The

7                                                                                      0120152276

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Cynthia Millonzi
1900 Scofield Ln
Austin, TX 78727

Colin Walsh, Esq.
1011 San Jacinto Blvd #401
Austin, TX 78701

Derrik Allen, Director
NGB-CMAD
111 S. George Mason Dr., AHS2, 5T
Arlington, VA 22204

FEB 1 7 2017
Date

_(signature)_
Compliance and Control Division